## WM. WARREN v. THE STATE.

No. 3866. Decided February 27, 1907.

**Theft—Felony—Charge of Court—Statutes Construed—Part Owner.**

Where upon trial for theft over the value of $50, the evidence of the defense showed that defendant was a part owner of the property, the court correctly charged that if the same was partnership property between prosecutrix and defendant to acquit him; the charge was more liberal than article 865, Penal Code, with reference to a part owner of said property.

Appeal from the District Court of Caldwell. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in penitentiary.

The opinion states the case.

*McNeal & Ellis,* for appellant.—On question of part owner and charge of court: Barrett v. State, 18 Texas Crim. App., 64; Connell v. State, 2 Texas Crim. App., 422; Duren v. State, 15 Texas Crim. App., 624; Valle v. State, 9 Texas Crim. App., 57.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of two years.

The facts in this case show that Catherine Adams, a negress, and appellant were sleeping in the same house, and had been picking cotton for some time for various parties together; their cotton seems to have been weighed together and the payments all made to one, but subsequently the money in question was turned over to Catherine

Adams which she placed in a pocketbook in a little domestic sack which she carried around her neck in the daytime and at night placed same under her pillow or head. It was there on the night it was taken from her. Without her knowledge or consent the same was taken, and the money subsequently found, aggregating $69, in possession of appellant. Several little articles that were also in the pocketbook at the time were found upon the person of appellant and identified by Catherine Adams as her property or her children's property. Appellant's defense was that he was a part owner of the property. This, of course, was stoutly denied by the State's witnesses. The court gave to the jury the following charge: "If said property was taken as alleged, but if you believe 'from the evidence that it was partnership property between her and the defendant, then you will acquit, or if you have any reasonable doubt of that fact you will acquit." Appellant insists that said charge is erroneous in that the court should have charged article 865, Penal Code, in lieu of the charge above quoted, which article reads as follows: . "If the person accused of the theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time." As we understand the facts of this case, the charge is more liberal to appellant than the article cited, since the evidence clearly shows that prosecuting witness was entitled to the possession of the property at the time, but be this as it may, there is no substantial difference in the two charges. The jury could not have misunderstood the charge. If the money constituted a joint fund of appellant and prosecuting witness, in that sense they were partners in the money, and when the court tells the jury that if appellant owned a part of it, or was partner in it or it was partnership money, either of these statements clearly presents appellant's defense to the jury. The jury has seen fit to decide in favor of the State's evidence that he (appellant) owned no part of the money, and find appellant guilty. Appellant's special charges, as far as the same were applicable, were covered by the court's main charge.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*